796 P.2d 910

**The STATE of Arizona, Appellant,**

v.

**Richard Joseph BUCCINI, Appellee.**

**No. 2 CA–CR 89–0215.**

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 28, 1990.

Review Granted Sept. 25, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Diane M. Ramsey, Phoenix, for appellant.

Michael B. Grayson, Tucson, for appellee.

LACAGNINA, Judge.

The state appeals from the trial court's order granting Richard Joseph Buccini's motion to suppress. We have jurisdiction pursuant to A.R.S. § 13-4032(7).

On May 8, 1988, sometime around midnight, a pipe bomb exploded in the carport of a house belonging to Howard Moore. Moore apparently did not realize that the explosion had occurred until the next morning, when he summoned police. Around noon on May 12, Detective Kadous went to Buccini's apartment to interview him. He conducted a "pretape" interview and a taped interview, after which Buccini signed a consent to search his apartment. Shortly before 2:00 p.m., Buccini left for work and Kadous obtained a telephonic search warrant for Buccini's apartment and vehicle based, in part, on the following information:

On May 8th at 0030 hours a pipe bomb was placed in the garage of a Howard Moore on 9086 E. Holmes. The device was detonated causing damage to the garage and the victims' vehicle. Also attached to the car window was a note which stated to "drop it." An interview with Mr. Moore revealed that on March 31, 1988 he was involved in an accident with a Richard Buccini. Buccini insisted on paying for the damage so that he would not lose his job as a chauffeur-driver for Canyon Ranch Resort. Police were called anyway and a report was made. On May 12, this day, at 1130 hours I made contact with Richard Buccini at his residence. He invited me in and I interview[e]d him regarding this incident. He stated that he was on probabtion [sic] at Canyon Ranch Resort where he works because of the accident he was involved in as well as another vehicle accident that occurred a week after the March 31 accident. He also stated that he was out around at night at the time of the bombing and did not do it but did not have any other people to provide an alibi where he was at. I asked him if he would sign a consent to search form which he did at 1230 hours.

During the search I found gun powder, safety fuse and green cannon fuse which was consistent with the fuse used on the explosive device found at the garage area. While searching he stated that he got the items such as the cannon fuse to make an improvised explosive device using bleach and mothballs which he had learned in a publication and with a friend of his at Canyon Ranch. He also stated that he received some military paraphernalias [sic] from a Carl Weisel who last year the Tucson Police Department in conjunction with the FBI conducted an investigation in which he was found in possession of military ordinance [sic] and explosives. Those were also confiscated. While searching the residence Mr. Buccini was definitely in a hurry and was inferring that I leave the residence so that he could go to work at 1400 hours. The search was concluded and the items aforementioned were seized. A complete search was not done of the residence or the vehicle. It is believed that the evidence may be concealed or destroyed if not searched immediately.

Buccini filed a motion to suppress evidence seized pursuant to the search warrant on the ground that Kadous omitted or misrepresented material facts in the affidavit pertaining to 1) Buccini's alibi and the identity of alibi witnesses, 2) the circumstances of Kadous's departure and termination of the consent search, and 3) the basis for Kadous's expressed concern that evidence would be concealed or destroyed without a further search. Following an evidentiary hearing during which testimony was taken from Kadous and Buccini, the trial court granted the motion, ruling as follows:

THE COURT FINDS that the statement in the affidavit that the defendant "did not have any other people to provide an alibi where he was at." is false. THE COURT FURTHER FINDS that the affidavit should have included information that the officer had at the time which was that defendant had stated he was at the "Harp and Shamrock Bar" during part of the time in question and that he had listed alibi witnesses including

Dwayne Nanna, among others. Furthermore, the officer should have listed that the defendant had, at approximately 12:30, gone to his parents' home and that his father and sister had noted his presence in the residence at that time.

THE COURT FURTHER FINDS that with the deletion of the false statement and the inclusion of the alibi statements, that the Judge would have been prompted to inquire further of the police officer as to his investigative efforts with regard to verifying the presence of the defendant with the alibi witnesses.

THE COURT FURTHER FINDS that the inclusion of the implication that the defendant was rushing the police officer in his search was incorrect. Rather, the officer should have included a statement that the defendant was, in fact, cooperating with the officer throughout the voluntary search, and that it was the officer who concluded the search based on his own knowledge that the defendant had to go to work that day.

Accordingly, THE COURT FINDS the remaining affidavit is insufficient to show probable cause and

IT IS ORDERED suppressing all fruits of the illegal search.

Upon the state's motion, the case was dismissed without prejudice, and this appeal followed.

■ The United States Supreme Court has held that a defendant may challenge the veracity of factual statements contained in an affidavit supporting the issuance of a warrant. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). If the trial court finds the affiant knowingly or intentionally, or with reckless disregard for the truth, made a false statement, and that the remainder of the affidavit without the excised statement is insufficient to support a finding of probable cause, the evidence seized pursuant to the warrant is inadmissible. *Id.* at 171–72, 98 S.Ct. at 2684–85, 57 L.Ed.2d at 682. Our supreme court has construed *Franks* to require that, where such knowing, intentional or reckless conduct has occurred, the trial court must not only "redraft the affi-

davit by deleting the falsehoods" but also by "adding the materially omitted facts." *State v. Carter*, 145 Ariz. 101, 109, 700 P.2d 488, 496 (1985).

In this case, the trial court found the affidavit omitted material facts regarding Buccini's alibi and that the officer had misrepresented the facts surrounding the termination of the consent search. Assuming, arguendo, that these findings meet the first prong of the *Franks* test, we nevertheless hold the trial court abused its discretion in finding the second prong of the test was satisfied, that is, that the remaining facts were insufficient to establish probable cause.

"An officer has probable cause to conduct a search if a reasonably prudent person, based upon the facts known by the officer, would be justified in concluding that the items sought are connected with criminal activity and that they would be found at the place to be searched." *Carter*, 145 Ariz. at 110, 700 P.2d at 497. It has not been argued that the items sought pursuant to the warrant, described in detail in the affidavit as various materials, tools and equipment which could be used to make an explosive device, were unrelated to the bombing incident. Moreover, even after the affidavit is redrafted to include the omitted facts pertaining to Buccini's alibi and to clarify that Kadous left only because he knew that Buccini needed to report to work and not because Buccini pressured him into leaving, it is clear that probable cause existed to believe that these items would be found in Buccini's apartment and automobile. The bombing, the note left on the victim's vehicle, and the victim's prior encounter with Buccini, together with the powder and fuses found during the consent search, were alone sufficient to support the issuance of the warrant.

■ Under the facts of this case, the officer was not required to investigate Buccini's alleged alibi before he could establish probable cause to search his apartment and vehicle. Additionally, it was not necessary to allege exigent circumstances in order to obtain a warrant. Accordingly, the facts

alleged in the affidavit pertaining to these issues were mere surplusage.

Because the affidavit, redrafted in accordance with *Franks* and *Carter*, provided probable cause for the search, the trial court abused its discretion in granting the motion to suppress. The order of the trial court is vacated, and the cause is remanded for further proceedings.

FERNANDEZ, C.J., and LIVERMORE, P.J., concur.